UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Civil Action No.: 14-CV-4800
TRAVIS ROSARIO,

                           **Plaintiff(s),**

                           **COMPLAINT**

               -against-

THE CITY OF NEW YORK, NEW YORK CITY    **JURY TRIAL DEMANDED**
POLICE DEPARTMENT, POLICE OFFICER BRIAN
ROBY, in his individual and official capacity, POLICE   **ECF CASE**
OFFICER JASON RAGOO, in his individual and official
capacity, SERGEANT MICHAEL ELDERBAUM, in his
individual and official capacity, POLICE OFFICER'S
"JOHN DOES" 1-10, in their individual and official
capacity,

                           **Defendant(s).**
-----------------------------------------------------------------------X

Plaintiff, TRAVIS ROSARIO, by and through his attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for his Complaint, against the Defendants, respectfully states and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983, 1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while in the custody of the New York City Police Department was illegally and unreasonably stripped searched, assaulted, battered, and subject to the use of excessive force by the individually named defendants. Plaintiff was deprived of his constitutional and common law

rights when the individual defendants unlawfully used excessive force against Plaintiff, and assaulted and battered Plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1334 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

4. That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5. Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. During all times relevant to this Complaint, Plaintiff, TRAVIS ROSARIO, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

7. The Defendant, CITY OF NEW YORK (hereinafter "CITY"), is a duly constituted municipal corporation of the State of New York and is and was the employer of Defendants, POLICE OFFICER BRIAN ROBY (hereinafter "ROBY") POLICE OFFICER JASON RAGOO (hereinafter "RAGOO"), SERGEANT MICHAEL ELDERBAUM (hereinafter "ELDERBAUM") and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

8. The Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), is an agency of the CITY.

9. Upon information and belief, during all times relevant to this Complaint, Defendant, ROBY, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

10. Upon information and belief, during all times relevant to this Complaint, Defendant, RAGOO, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

11. Upon information and belief, during all times relevant to this Complaint, Defendant, ELDERBAUM, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD

and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

12. That JOHN DOES 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both CITY and NYPD under direction of Defendants CITY and NYPD, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY and/or the NYPD.

13. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

14. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

15. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

16. On or about June 5, 2013, at approximately 5:55 p.m. at or about the intersection of 124th Street and 15th Avenue, County of Queens, State of New York, Plaintiff, TRAVIS ROSARIO (hereinafter "Plaintiff" or "Rosario"), was arrested by P.O. ROBY and/or P.O. RAGOO and/or SGT. ELDERBAUM and/or POLICE OFFICER JOHN DOES 1-10 – all of whom were acting in the course of duty as New York City Police Officers.

17. While in police custody, through no fault or provocation on the part of Plaintiff, Plaintiff was caused to sustain injury, conscious pain and suffering, emotional distress and deprivation and violation of civil, human and constitutional rights when he was punched several times with closed fists, kicked, pushed, tackled and otherwise severely beaten by P.O. ROBY and/or P.O. RAGOO and/or SGT. ELDERBAUM and/or POLICE OFFICER JOHN DOES 1-10.

18. Plaintiff was also subjected to an illegal, unreasonable and forceful strip search; which included a manual body cavity search.

19. Plaintiff was beaten and strip searched inside the 109th Precinct.

20. Approximately three (3) hours subsequent to being savagely beaten by P.O. ROBY and/or P.O. RAGOO and/or SGT. ELDERBAUM and/or POLICE OFFICER JOHN DOES 1-10 an ambulance was finally called to the 109th Precinct, and Plaintiff was transported, still in police custody, to New York Hospital Queens.

21. Plaintiff complained to the ambulance personnel, as well as to the personnel at New York Hospital Queens that he was beaten by New York City Police Officers and that he was in pain.

22. A review of the hospital records show that Plaintiff was beaten by New York City Police Officers.

23. Plaintiff was examined by hospital personnel and diagnosed as suffering from, among other injury, blunt force trauma to the face caused by the police assaulting Plaintiff.

24. Plaintiff received medical treatment from New York Hospital for the injuries sustained in the beating.

25. Plaintiff remained in New York City Police Department custody during his medical treatment, and was discharged from New York Hospital Queens into New York City Police Department custody.

26. On June 6, 2013, Plaintiff was arraigned and released on recognizance.

27. Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10 all assisted each other and conspired with each other to commit tortuous acts against Plaintiff and to violate Plaintiff's constitutional rights.

28. Upon information and belief, the defendants, CITY, NYPD, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, conspired to deprive plaintiff of his constitutional rights; specifically by unlawfully strip searching Plaintiff and by using excessive force against Plaintiff.

29. Defendants engaged in misconduct, failed to adhere to procedure, rules and regulations, and wholly failed to investigate the incident

30. Upon information and belief, prior to June 5, 2013, Defendants, CITY and NYPD were aware of and tolerated its police officers illegally strip searching and using excessive force against arrestees.

31. Defendants CITY and NYPD permitted and tolerated the above referenced egregious and improper conduct by failing to seriously discipline or prosecute the defendant officers. As a result of such failure on behalf of CITY and NYPD, Defendant, Police Officers, were caused to

6

and encouraged to believe that individuals could be illegally strip searched and subjected to excessive force.

32. Those defendant officers who did not touch plaintiff failed to protect him from the strip search/manual body cavity search, assaults, batteries, and excessive force used against Plaintiff by the individually named defendants.

33. The strip search/manual body cavity search, assaults, batteries, and excessive force used against Plaintiff by the individually named defendants caused plaintiff to sustain physical, psychological and emotional trauma.

34. Plaintiff also sustained economic loss as a result of the assaults, batteries, and excessive force used against him by the individually named defendants.

35. Plaintiff continues to suffer physical, psychological, emotional trauma and economic loss as a result of the assaults, batteries, and excessive force used against him by the individually named defendants.

36. A notice of claim was timely served on the CITY and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

37. An examination of Plaintiff, pursuant to GML Section 50-h was conducted on December 31, 2013.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as though set forth herein.

39. The use of excessive force by the individually named defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, in punching, kicking, pushing, tackling, and striking plaintiff was objectively unreasonable physical seizures of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

40. The strip search/manual body cavity search of Plaintiff by the individually named defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, was an objectively illegal and unreasonable physical seizures of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

42. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR A SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 – Municipal Liability

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint with the same force and effect as though set forth herein.

44. Prior to June 5, 2013, and since, Defendants, CITY and NYPD have permitted and tolerated a pattern and practice of illegal strip searches and excessive use of force by police officers against arrestees. Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint. As a result, Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, were caused and encouraged to believe that individuals could be illegally strip searched and could be subjected to the use of excessive force, and that such behavior would, in fact, be permitted by CITY.

45. In addition to permitting a pattern of practice of improper treatment of persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of illegal and unreasonable strip searches and the use of excessive force by their agents/employees.

46. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

47. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the illegal and unreasonable strip searching of arrestees, and the use of excessive force and other wrongful actions by police officers.

48. Upon information and belief, specific systemic flaws in the COUNTY's police misconduct review process include but are not limited to the following:

    a.     Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

b. Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

d. Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

e. Create and manufactured false testimony and evidence;

f. Overlooking false and misleading statements made by Police Personnel.

49. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against arrestees and other persons. These such failure continued and were part of an ongoing culture.

50. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant, CITY, Plaintiff was unjustifiably mistreated, illegally and unreasonably striped searched and subjected to the use of excessive force by the police, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

51. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 U.S.C. § 1985 – Conspiracy

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as though set forth herein.

53. Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, expressly and impliedly, agreed with each other to illegally and unreasonably strip search Plaintiff and to use excessive force against Plaintiff. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

54. That the illegal and unreasonably strip search of Plaintiff and to use excessive force against Plaintiff and violation of the laws of the State of New York and plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

55. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1986 – Failure to Intervene

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as though set forth herein.

57. Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the illegal and unreasonably strip search/manual body cavity search of Plaintiff and the use excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985 and 1986.

58. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the illegal and unreasonably strip search of Plaintiff and the use excessive force against, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur. All without consideration of plaintiff's rights and in violation of Plaintiff's rights.

59. Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

60. Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the illegal and unreasonably strip search/manual body cavity search of Plaintiff and the use excessive force against Plaintiff were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were

tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

61. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Assault

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as though set forth herein.

63. The individually named Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

64. The individually named Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by Defendants, CITY and NYPD, which are therefore responsible for their conduct.

65. Defendants, CITY and NYPD, as the employers of Defendants, P.O. BRIAN P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of respondent superior.

66. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

67. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Battery

68. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 62 with the same force as if more fully set forth at length herein.

69. The individually named Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff, when they, in a hostile and/or offensive manner illegally and unreasonably strip searched Plaintiff and struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

70. The individually named Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by the CITY and NYPD, which are therefore responsible for their conduct.

71. The CITY and NYPD, as the employers of defendants are responsible for their wrongdoing under the doctrine of respondent superior.

72. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

73. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

74. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 67 with the same force as if more fully set forth at length herein.

75. The CITY and NYPD and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants, P.O. ROBY, P.O. RAGOO, SGT. ELDERBAUM and POLICE OFFICER JOHN DOES 1-10, who were unfit for the performance of their duties on November 2, 2010, at the aforementioned location.

76. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

77. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A EIGHT CAUSE OF ACTION

### Negligence

78. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 70 with the same force as if more fully set forth at length herein.

79. Defendants owed a duty of care to plaintiff.

80. Defendants breached that duty of care by illegal and unreasonably strip searching Plaintiff, and by assaulting, battering, and using excessive force against plaintiff.

81. As a direct and proximate cause of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

82. All the foregoing occurred without any fault or provocation by plaintiff.

83. The CITY and NYPD, as the employers of the defendants are responsible for their wrongdoing under the doctrine of respondent superior.

84. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

85. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

### Negligent Infliction of emotional Distress

86. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 77 with the same force as if more fully set forth at length herein.

87. By the actions described herein, the individually named Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct

utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of State of New York.

88. As a result of the foregoing, plaintiff sustained great emotional injuries.

89. The CITY and NYPD, as the employers of the Defendants, are responsible for their wrongdoing under the doctrine of respondent superior.

90. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

91. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

92. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, Travis Rosario, shall recover compensatory damage in the sum of One Million Dollars ($1,000,000.00) against the individual defendants, The City of New York and The New York City Police Department, Jointly and severally, together with interest and costs; and punitive damages in the sum of One Million Dollars ($1,000,000.00) against the individual defendants, jointly and severally.

  a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

  b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
       August 11, 2014

                      Respectfully submitted,

                      **RENFROE DRISCOLL & FOSTER, LLP**

              By: *[signature]*
                      **Patrick K. Foster, Esq.**
                      *Attorneys for Petitioner*
                      118-35 Queens Blvd., Suite 940
                      Forest Hills, New York 11375
                      Tel. No.: (718) 261-5100
                      Fax No.: (718) 304-1168